[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #112
On April 29, 1999, the plaintiff, Maureen Ladrigan, filed a one count complaint against the defendants, Albert Williams and Margaret Hamilton with a return date of May 11, 1999. The plaintiff alleges that she was a passenger in a vehicle owned and operated by Joshua Saux. She further alleges that while she was a passenger in Saux's vehicle, Hamilton's vehicle, operated by Williams, negligently struck Saux's vehicle and caused her alleged injuries. On June 6, 2002, Williams and Hamilton (hereinafter the apportionment plaintiffs) filed an apportionment complaint against the apportionment defendant, Saux (hereinafter the apportionment defendant). On July 23, 2002. the apportionment defendant tiled a motion to dismiss the apportionment complaint on the ground that the court lacks subject matter jurisdiction. The apportionment defendant argues that the apportionment complaint was not timely filed within 120 days of the return date of the plaintiffs original complaint as required by General Statutes § 52-102b.
"A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Kizis v. Morse DieselInternational, Inc., 260 Conn. 46, 51, 794 A.2d 498 (2002). General Statutes § 52-102b (a) provides, in pertinent part, that an "apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiffs original complaint." Id.
The apportionment defendant argues that, as a result of the mandatory nature of General Statutes § 52-102b (a) and the apportionment plaintiff failure to serve their complaint within the 120 day time period provided in the statute, the court lacks subject matter jurisdiction over the apportionment plaintiffs' claim. In support of his argument that the dictates of General Statutes § 52-102b (a) are mandatory, the apportionment defendant contends that because the statute creates a right CT Page 16298 of action that did not exist at common law, the time limitation contained in the statute is substantive and thus a jurisdictional prerequisite. Next, the apportionment defendant argues that the term "shall" in General Statutes § 52-102b (a) creates a substantive right for the parties involved, instead of procedural discretion for the trial court. Finally, the apportionment defendant argues that the clear and unambiguous language of the apportionment statute leaves no room for interpretation by the court and thus the 120 day time frame in General Statutes §52-102b (a) is mandatory.
The apportionment plaintiffs argue, in opposition, that the Superior Courts are divided regarding the issue of whether General Statutes §52-102b is mandatory or directory. The apportionment plaintiffs rely on the court's reasoning in Ketchale v. Unger, Superior Court, judicial district of New Haven, Docket No. CV 00 0396218 (July 15. 1998, Levin,J.) (22 Conn.L.Rptr. 418) to support two arguments. First, the apportionment plaintiffs argue that General Statutes § 52-102b does not create a new cause of action and thus strict compliance with the time requirement is not mandatory. They further argue that: (1) General Statutes § 52-102b (a) does not expressly invalidate an apportionment complaint tiled after the 120 day limitation. (2) General Statutes §52-102b (a) is stated in the affirmative and specifically lacks negative words, and (3) General Statutes § 52-102b (b) sets forth a statute of limitations defense to an untimely filed apportionment complaint which suggests that the 120 days period is directory. Based on these arguments, the apportionment plaintiffs contend that General Statutes § 52-102b (a) is directory.
The apportionment plaintiffs also argue that, in the present case, the facts weigh in favor of construing General Statutes § 52-102b (a) as directory. First, they contend that the insurance carrier did not have actual notice of the original complaint until after the 120 days had expired. Second, they argue that their attorney did not file his appearance until almost one year after the 120 days had expired. Third, the apportionment plaintiffs contend that the evidentiary basis for filing their apportionment complaint against the apportionment defendant was not obtained through discovery until after the 120 days had run. Finally, the apportionment plaintiffs assert that the 120 day filing period of General Statutes § 52-102b (a) did not begin to run against apportionment plaintiff Williams because there was no Supplemental Return filed indicating he had notice of the original lawsuit; thus service of the original complaint against him was never perfected.[1]
In his reply to the apportionment plaintiffs opposition to his motion to dismiss, the apportionment defendant once again argues that the CT Page 16299 language of General Statutes § 52-102b is plain and unambiguous and therefore there is no occasion to construe it. The apportionment defendant also argues that the adoption of the reasoning of the court inKetchale v. Unger would lead to absurd results because the apportionment complaint, having survived a motion to dismiss because of the 120 day time limitation, would be subject to a statute of limitations defense and susceptible to summary judgment. Finally, the apportionment defendant argues that the apportionment plaintiffs' unreasonable delay in filing the apportionment complaint has materially prejudiced the apportionment defendant and the rules of statutory interpretation prevent courts from creating statutory exceptions merely because good cause exists.
While there is no appellate authority on the issue of whether the 120 day time limit in General Statutes § 52-102b (a) is a mandatory requirement affecting jurisdiction, this court has previously noted that "[t]he majority of trial courts interpreting General Statutes § 52-102b
have held [that] the requirements of General Statutes § 52-102b are mandatory, and failure to comply with those requirements deprives the court of subject matter jurisdiction and requires dismissal." Maenza v.Letis, Superior Court, judicial district of New Haven at New Haven, Docket No. CV 010447124 (December 18, 2001, Zoarski, J.). This court. inMaenza v. Letis, found the requirements of General Statutes § 52-102b
to be mandatory. noting that "the reasoning of the courts that have held that the requirements of General Statutes § 52-102b are mandatory and not directory [are] more persuasive." Id. As a result, this court ruled that a defendant's "failure to comply with General Statutes § 52-102b
(a) deprives [the] court of subject matter jurisdiction." Id.
Research into Superior Court decisions grappling with the 120 day mandatory/directory issue has revealed that, since this court's decision in Maenza v. Letis, the landscape has not significantly changed. Although this court's decision in Maenza v. Letis revolved around the requirement in General Statutes § 52-102b (a) to "serve a copy of [the] apportionment complaint on all parties to the original action . . . on or before the return date specified in the apportionment complaint," the crux of the decision resolved the issue of the mandatory versus directory nature of General Statutes § 52-102b.
The apportionment plaintiffs' arguments that the specific facts of this case weigh in favor of finding General Statutes § 52-102b to be directory does not persuade the court to abandon the position taken inMaenza v. Letis. The apportionment plaintiffs do not cite any case law to support their contentions that the court should exercise its discretionary power in such a way as to construe General Statutes §52-102b (a) as a directory statute and thus confer subject matter CT Page 16300 jurisdiction over their complaint.
Furthermore, the apportionment plaintiff Williams' argument that the 120 days did not begin to run against him is likewise unpersuasive. General Statutes § 52-102b (a) provides, in pertinent part, that an "apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint." (Emphasis added.) Id. The statute does not refer to service of process of the original complaint, nor any affect it may have on the 120 time frame in which the apportionment complaint must be served. As a result, the important date in examining General Statutes § 52-102b (a) is the return date specified in the plaintiffs complaint — May 11, 1999 — not the date the defendant did or did not receive service of process. Here, the apportionment plaintiffs filed their apportionment complaint on June 10, 2002, well over 120 days after May 11, 1999.
The apportionment plaintiffs' untimely filing of their complaint deprives the court of subject matter jurisdiction, and the apportionment defendant's motion to dismiss is granted.
 ___________________ Howard F. Zoarski Judge Trial Referee